UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:22-cr-102-WWB-RMN

BRIAN PATRICK DURNING

**GOVERNMENT'S UNOPPOSED MOTION FOR COURTROOM CLOSURE DURING MINOR VICTIM'S TESTIMONY**

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, pursuant to Title 18, United States Code, Section 3509(e), respectfully requests that the Court enter an order excluding all persons not holding a direct interest in this case during the period of the trial when the minor victim testifies, and in support states:

1. This case is scheduled for trial commencing on June 20, 2023.

2. At trial, the United States will call a minor victim to testify regarding sexual contact with the Defendant.

3. Jeremy Lasnetski, Esq., counsel for the Defendant, does not object to this request.

**MEMORANDUM OF LAW**

Title 42, United States Code, Section 10606(b)(1) provides that a victim of a crime has "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 42 U.S.C. §10606(b)(1) (2002). When the victim is a juvenile, Title 18, United States Code, Section 3509, adds additional protections. Among

them, Section 3509(e) provides that:

> When a child testifies the court may order the exclusion from the courtroom of all persons, including members of the press, who do not have a direct interest in the case. Such an order may be made if the court determines on the record that requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate. Such an order shall be narrowly tailored to serve the Government's specific compelling interest.

18 U.S.C. § 3509(e) (2001). In addition, section 3509(d)(3) states:

> (A)   On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.
>
> (B)   A protective order issued under subparagraph (A) may --
>
>   (i)   provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom;

18 U.S.C. §3509(d)(3) (2001). This case involves the sexual contact and assault of a minor female by the defendant. The minor victim suffers from selective mutism which contrary to its title is not within the minor's control. This condition can be exacerbated after a traumatic experience or in stressful or foreign situations. In order to spare the minor and her family further trauma, the United States respectfully requests that the courtroom be closed during the minor's testimony. Closing the courtroom while the minor child testifies will prevent disclosure of the child's identity, help prevent her from any further traumatization, and reduce the anxiety of testifying.

The Supreme Court has recognized that, while "the press and general public have a constitutional right of access to criminal trials," this right is not absolute. Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 603, 606 (1982). The circumstances in which the press and general public may be barred from a criminal trial are limited; the justification for denying them access "must be a weighty one." Id., 457 U.S. at 606.

The Court stated that, when the right of access is inhibited to prevent the disclosure of sensitive information, "it must be shown that the denial is necessitated by a compelling governmental interest and is narrowly tailored to serve that interest." Id. at 607. While the Court acknowledged that "safeguarding the physical and psychological well-being of a minor" has been recognized as a compelling interest, the Court found that this interest did not justify a mandatory closure of the courtroom. Id. at 607-08. Instead, the trial court must determine on a case-by-case basis whether closure is necessary to protect the welfare of the juvenile. Id. at 608. The factors to be considered are "the minor victim's age, psychological maturity and understanding, the nature of the crime, the desires of the victim, and the interests of parents and relatives." Id. In this case, the minor is 13 years old. The minor already suffers from anxiety and selective mutism which she cannot control. The minor and her family have expressed their wishes to the United States that the courtroom be closed during her testimony. The nature of the crimes charged herein involves sexual contact with the minor and how that contact has changed her life. Having to testify about these matters in open court may result in the minor having

3

difficulty communicating her story. These factors weigh heavily in favor of closing the courtroom during the minor's testimony. Accordingly, to protect the privacy of, and prevent embarrassment or detriment to, the minor victim, the United States respectfully requests that the courtroom be closed during her testimony. The courtroom should be closed to the members of the press, as well as to all persons not having a direct interest in this case. See 18 U.S.C. § 3509(e).

In Globe Newspaper Co., the Supreme Court found that the state statute at issue, which required mandatory closure of the courtroom to the press and public during the testimony of minor victims in criminal sex offense trials, violated the First Amendment. In a footnote to its holding, however, the Court stated:

> We emphasize that our holding is a narrow one: that a rule of mandatory closure respecting the testimony of minor sex victims is constitutionally infirm. In individual cases, and under appropriate circumstances, the First Amendment does not necessarily stand as a bar to the exclusion from the courtroom of the press and general public during the testimony of minor sex-offense victims. But a mandatory rule, requiring no particularized determinations in individual cases, is unconstitutional.

Globe Newspaper Co., 457 U.S. at 611 n.27.   Unlike that statute, Title 18, United States Code, Section 3509(e) does not require automatic closure whenever a minor victim testifies in a sexual exploitation case. Rather, it requires a determination that requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate. 18 U.S.C. § 3509(e). The statute also dictates that the trial court's order closing the courtroom shall be narrowly tailored to serve the Government's specific compelling interest. Id. A case-by-case determination of whether the

courtroom should be closed is in accord with the Supreme Court's decision in Globe Newspaper Co. *See* Globe Newspaper Co., 457 U.S. at 609 ("That interest [safeguarding the physical and psychological well-being of a minor] could be served just as well by requiring the trial court to determine on a case-by-case basis whether the State's legitimate concern for the well-being of the minor victim necessitates closure. Such an approach ensures that the constitutional right of the press and public to gain access to criminal trials will not be restricted except where necessary to protect the State's interest."). Further, unlike the facts in Globe Newspaper Co., the name of the minor victim has been kept confidential throughout this matter. Second, the defendant does not object to this request. Finally, the defendant will not be prejudiced by the closure since he will be present in the courtroom to hear the evidence against him and will have the opportunity to confront the minor victim.

WHEREFORE, the United States respectfully requests that the Court grant this motion together with any further relief that the Court deems proper.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   */s/ Courtney D. Richardson-Jones*
        Courtney D. Richardson-Jones
        Assistant United States Attorney
        Florida Bar No.: 91608
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone: (407) 648-7500
        Facsimile: (407) 648-7643
        E-mail: Courtney.Richardson-Jones@usdoj.gov

By:   */s/ Michael P. Felicetta*
        Michael P. Felicetta
        Assistant United States Attorney
        Florida Bar No.: 94468
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone: (407) 648-7500
        Facsimile: (407) 648-7643
        E-mail: Michael.Felicetta@usdoj.gov

U.S. v. Brian Patrick Durning    Case No. 6:22-cr-102-WWB-RMN

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2023, I sent the foregoing via email to the following:

  Jeremy Lasnetski, Esq.
  Attorney for Defendant


      By: */s/ Courtney D. Richardson-Jones*
        Courtney D. Richardson-Jones
        Assistant United States Attorney
        Florida Bar No.: 91608
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone: (407) 648-7500
        Facsimile: (407) 648-7643
        E-mail: Courtney.Richardson-Jones@usdoj.gov