UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                         CASE NO.6:22-cr-102-WWB-DAB

BRIAN PATRICK DURNING

**DEFENDANT'S OBJECTION TO THE UNITED STATE'S MOTION TO ALLOW USE OF A CERTIFIED CRISIS RESPONSE CANINE DURING JURY TRIAL**

The Defendant, Brian Patrick Durning, by and through counsel, Jeremy Lasnetski, Lasnetski Gihon Law, respectfully objects to the United States Motion to Allow Use of a Certified Crisis Response Canine During Jury Trial (Doc. 85). Every defendant has a due process right to a fair trial under the Fifth Amendment of the United States Constitution, which includes a presumption of innocence. *Betterman v. Montana*, 136 S.Ct. 1609, 1614 (2016).  A criminal defendant also has a Sixth Amendment right to an impartial jury.  The use of an emotional support dog during the listed victim's testimony and with the knowledge of the jury would unfairly prejudice Mr. Durning by creating sympathy for the listed victim and by improperly bolstering the government's allegation that the listed victim has suffered a bodily injury to her mental faculty.

Mr. Durning is charged in Count I with abusive sexual contact with a child, in Count II with assault resulting in substantial bodily injury to an individual who has not attained the age of 16 years, and in Count III with assault resulting in serious bodily harm. Counts II and III both require the United States to prove that the listed victim sustained a bodily injury.  Count II requires the government to prove that the

assault caused a substantial bodily injury, defined as (A) a temporary but substantial disfigurement, or (B) a temporary but substantial loss or impairment of the function of any bodily member, organ, or mental faculty. 18 U.S.C. §113(b)(1). Count III requires the government to prove that the assault caused a serious bodily injury, defined as bodily injury which involves (A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement, or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty.  18 U.S.C. §1365(h)(3).

It is anticipated that the United States will attempt to prove that the listed victim sustained a temporary but substantial loss or impairment of the function of any bodily member, organ or mental faculty (as it applies to Count II) and a protracted loss or impairment of the function of a bodily member, organ, or mental faculty (as it applies to Count III). There is no indication that there was a loss or impairment to any bodily member or organ, therefore, the government will attempt to prove that the listed victim suffered from an injury to her mental faculty.

Unlike physical wounds, an injury to the mental faculty is difficult to prove and difficult to disprove.  The evidence in this case will largely be based on the listed victim's testimony and the listed victim's mother's testimony.  The credibility of those witnesses will be paramount.  The use of an emotional support dog during the listed victim's testimony would substantially prejudice Mr. Durning's right to a fair trial by creating sympathy for the listed victim and by improperly bolstering the government's allegation that the listed victim has sustained an injury to her mental faculty.

The Sixth and Fourteenth Amendments guarantee that a person accused of a crime "have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial." *Taylor v. Kentucky*, 436 U.S. 478, 485 (1978).  A reasonable jury could conclude that the use of an emotional support dog is evidence that the listed victim has sustained injury to her mental faculty, despite not being admitted as evidence.

The United States Supreme Court has recognized that where a defendant is forced to wear an inmate outfit in front of the jury, "the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment." *Estelle v. Williams*, 425 U.S. 501, 503-504 (1976).  The same danger of affecting a juror's judgment is present when a minor testifies with the use of an emotional support dog.  This is particularly true when the government seeks to prove that the minor has suffered some mental trauma as a result of the offense.  The implication to the jury is that the minor requires the emotional support dog as a result of mental trauma caused by the defendant.  The United States has not been able to provide any cases where an emotional support dog was permitted to testify in a case where the United States was required to prove that the listed victim sustained substantial or serious injury to the mental faculty.

Furthermore, there has been no showing that the listed victim requires the use of a government provided emotional support dog.  There has been no showing that the listed victim has utilized an emotional support dog in any other capacity or at any other time, including during a recorded interview discussing the allegations

3

three days after the alleged offense. The emotional support dog will be provided by the United States for the sole purpose of being available at trial. (Doc. 85). There has been no psychological evaluation or expert opinion asserting that an emotional support dog would be necessary during the listed victim's testimony. The emotional support dog in question is not the listed victim's personal support animal and therefore there is no previous personal attachment between the listed victim and the government provided canine.

      Mr. Durning has no objection to the United States' request to close the courtroom during the listed victim's testimony. Mr. Durning has no objection to the listed victim's use of an emotional support dog before or after her testimony as long as the jury is not made aware of the presence or use of the canine. Such knowledge by the jury would create sympathy for the listed victim, would improperly bolster the listed victim's testimony related to injury, and would provide government created evidence (an emotional support dog provided by the government) supporting the government's allegations (the listed victim suffered a bodily injury to her mental faculty, which requires use of an emotional support dog). Closing the courtroom and providing an emotional support dog before and after the actual testimony provides sufficient accommodation to the listed victim without unfairly prejudicing Mr. Durning's constitutional right to a fair trial.

                                        Respectfully submitted,

                                   By:*s/Jeremy Lasnetski*
                                       JEREMY LASNETSKI
                                       Florida Bar No. 512524
                                       Lasnetski Gihon Law

        121 W. Forsyth St., Ste. 520  
        Jacksonville, Florida 32217  
        Telephone: (904) 642-3332  
        Facsimile: (904) 685-4580  
        Email:jeremy@lglawflorida.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to: Courtney D. Richardson-Jones, Assistant United States Attorney and Michael Felicetta, Assistant United States Attorney.

        */s/Jeremy Lasnetski*  
        JEREMY LASNETSKI  
        Florida Bar No. 512524  
        Lasnetski Gihon Law  
        121 W. Forsyth St., Ste. 520  
        Jacksonville, Florida 32217  
        Telephone: (904) 642-3332  
        Facsimile: (904) 685-4580  
        Email:jeremy@lglawflorida.com