UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 6:22-cr-102-WWB-RMN

BRIAN PATRICK DURNING

**UNITED STATES NOTICE OF INTENT TO CALL EXPERT WITNESS**

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, through Assistant United States Attorney Michael P. Felicetta, hereby respectfully files this Notice Regarding of Intent to Call an Expert Witness in our case-in-chief. The defendant objects to the government calling our expert. The government is filing this notice to brief the Court and the defense on the legal justification for calling the witness.

**CHARGES AND DEFENSES TO CHARGES**

The Indictment charges the defendant with three offenses. One of these offenses is a specific intent crime while the other two are general intent crimes:

Specific Intent Crime

Count One – Abusive Sexual Contact with a Child (18 U.S.C. § 2244(a)(3))

General Intent Crimes

Count Two – Assault Resulting in Substantial Bodily Injury to an Individual who has not Attained the age of 16 years (18 U.S.C. § 113(a)(7))

Count Three – Assault Resulting in Serious Bodily Harm (18 § 113(a)(6))

From the inception of this case, the defense represented to the government that this was as an intoxication defense from the use of Ambien and/or alcohol. The defendant told civilians on the aircraft, and law enforcement at the gate, that he used Ambien and fell asleep. He further claimed that "if" he touched the child, he did so while he was in an unconscious state.

On October 24, 2022, the defense provided an expert report from Anthony P. DeCaprio, an Associate Professor of Chemistry and Biochemistry and Director of the Forensic and Analytical Toxicology Facility and the Forensic Science Certificate Program for the International Forensic Research Institute at Florida International University. The DeCaprio report noted that the defendant admitted to drinking several alcoholic beverages and taking one 10mg dose of Ambien (zolpidem) prior to the alleged crime. It was the opinion of DeCaprio that "defendant's combined exposure to ethanol and zolpidem could reasonably have impacted his mental state and behavior." As a result of the defense position and the DeCaprio report, the government retained its own expert, Dr. Mary Tramontin and her colleagues at The Forensic Panel.

On May 22, 2023, the government provided the final report of The Forensic Panel, which concluded: "Mr. Durning's behavior on Flight 2954 is tied directly to his acute alcohol intoxication. Whether he ingested Ambien is unsubstantiated and his behavioral history raises doubts. The evidence of his presentation most directly supports alcohol intoxication in the form of his conscious behavior."

2

Thereafter, while engaging with the defense in the preparation of jury instructions, the government was notified that the defendant is no longer pursuing any defense for voluntary intoxication or involuntary intoxication, and they have no intention of calling an expert witness. However, the defense still intends on eliciting testimony about the defendant's use of alcohol and alleged ingestion of Ambien. The defense further states that they object to us calling our expert.

This unfairly prejudices the government by seeking jury nullification through suggestively referencing a legal defense without having the applicable expert testimony and legal instructions. The jury should get the opportunity to hear from the government's expert witness and be properly instructed on the law by this Court.

## **ANALYSIS**

Count One is a specific intent crime because it involves "sexual contact," which means "the intentional touching, either directly or through the clothing, of the genitalia…groin…inner thigh…of any person with an intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). Voluntary intoxication can negate a specific intent crime (cite)

The assault charges in Counts Two and Three are general intent crimes. *United States v. Williams*, 197 F.3d 1091, 1096 (11th Cir. 1999):

> "[T]he view that common law battery (and, thus, § 113(a)(5) assault)

> does not contain an intent to harm element is borne out by § 113 itself. Section 113 identifies seven kinds of assault. See 18 U.S.C. § 113(a). For some of these offenses, the statute specifically sets forth a specific intent requirement. See 18 U.S.C. § 113(a)(1) (assault with intent to commit murder); 18 U.S.C. § 113(a)(3) (assault with a dangerous weapon and intent to do bodily harm). The subsections identifying assault by striking, beating or wounding, assault resulting in serious bodily injury, and simple assault (the subsection at issue in this case), however, contain no language setting out a specific intent requirement. The courts have recognized this omission, concluding that no specific intent element exists for assault by striking, beating, or wounding, *United States v. Martin*, 536 F.2d 535, 535–36 (2d Cir.1976), and assault resulting in serious bodily injury. *United States v. Juvenile Male*, 930 F.2d 727, 728–29 (9th Cir.1991).

*See also*, *United States v. Francisco-Gutierrez*, 249 F. App'x 135, 145 (11th Cir. 2007) (§ 113 assault by battery includes the "least touching of another's person wilfully" and does not require an intent to do bodily harm).

As a result, voluntary intoxication is not available for the assault counts because "voluntary intoxication cannot negate a general intent crime." *See, United States v. Costello*, 760 F.2d 1123, 1128 (11th Cir. 1985) (*citing United States v. Hanson*, 618 F.2d 1261, 1265 (8th Cir.1980)); *see also, United States v. Carlisle*, 173 F. App'x 796, 800 (11th Cir. 2006). Similarly, being voluntarily under the influence of drugs cannot negate a general intent crime. *Costello*, 760 F.2d at 1128.

In *United States v. Wedl*, No. 17-CR-00128-EMC-1, 2017 WL 2378026, at *1 (N.D. Cal. June 1, 2017), a case very similar to this case, the defendant was charged with touching an adult passenger in flight in a sexual manner. He was charged with the Abusive Sexual Contact (Count One), Simple Assault (Count

4

Two) and Lewd, Indecent, or Obscene Acts (Count Three). The defense was that he consumed alcohol and Ambien, which affected his ability to form the requisite intent. Prior to trial, the district court ruled on the applicability of these defenses.

> [T]he parties agree that the defense of voluntary intoxication is only available as to Count One, which includes a specific intent element, Mr. Wedl has indicated that he intends to argue that he suffered from "diminished capacity" or "unconsciousness" as the result of his taking prescription zolpidem (commonly referred to as "Ambien") in conjunction with alcohol, and that this condition may negate the general intent required under all three Counts. The Court requested additional briefing on this question, which the parties have submitted.
>
> Having reviewed the parties' papers, the Court concludes that a defense based on Mr. Wedl's consumption of alcohol and Ambien is relevant to a voluntary intoxication defense, and such defense will pertain only to the specific intent component of Count One.
>
> To the extent Mr. Wedl contends that he was rendered "unconscious" by the Ambien, and thus unable to form even general intent (which affects Counts Two and Three), he is, in effect, asserting an involuntary intoxication defense. Because an alleged unconsciousness is due to intoxication and not, e.g., a mental defect, organic brain disease, etc., the doctrine of involuntary intoxication provides the appropriate framework.

The district court further held that the involuntary intoxication defense is "unavailable where the defendant consumed other intoxicating drugs or alcohol along with the prescription, and the other intoxicants contributed in any way to his impairment… Accordingly, to assert a defense of 'unconsciousness' resulting from Ambien, as distinct from voluntary intoxication, Mr. Wedl will have to establish not only that he took Ambien, but also that he was not on notice of any potentially intoxicating effects of Ambien and that any alcohol he consumed did

5

not contribute in any way to his impairment. If warranted by the evidence, the Court may give a jury instruction on the involuntary intoxication defense." *Id*. at 2.

In this case, the government expects testimony from witnesses to include observations about the defendant consuming alcohol on the flight and acting in a manner that suggests alcohol impairment. No witness (other than through the defendant's own statements) has any information about the defendant consuming Ambien. Therefore, we do not believe that the involuntary intoxication defense will be available to the defendant, and he is not seeking such a defense.

On the other hand, the jury will hear testimony about the defendant's use of alcohol and a voluntary intoxication defense is potentially applicable here as to Count One. The fact that the defendant is not seeking such a defense is irrelevant because it's the government's burden to prove all elements of Count One, including his specific intent to touch the victim to arouse or gratify his sexual desire. "Once the defendant adduces sufficient evidence to raise the issue [of voluntary intoxication], 'the capacity to form specific intent at the time of the offense becomes an element, which like all other elements of the crime, must be proved by the government beyond a reasonable doubt.'" *United States v. Martinez*, 369 F.3d 1076, 1083 (9th Cir. 2004) (*quoting United States v. Echeverry*, 759 F.2d 1451, 1454 (9th Cir. 1985).

The reason for this distinction is that the defense of involuntary intoxication is an affirmative defense, which does not negate an element but instead excuses criminal responsibility. *Faucett v. United States*, 872 F.3d 506, 510 (7th Cir.

2017). Here, the defendant's voluntary consumption of alcohol is going to be heard by this jury and it's the government's burden to prove that this consumption did not render him incapable of forming the specific intent charged in Count One.

The standard for voluntary intoxication to negate specific intent is high. The level of intoxication had to be "so severe as to suspend all reason; being drunk or intoxicated alone is insufficient." *See United States v. Navarrete*, 125 F.3d 559, 563 (7th Cir. 1997); *United States v. Sneezer*, 900 F.2d 177, 180 (9th Cir. 1990) (stating that the inquiry is whether the defendant "was so intoxicated that he was incapable of forming that intent"); *United States v. Echeverry*, 759 F.2d 1451, 1455 (9th Cir. 1985) (stating that "proof of intoxication, in and of itself, does not excuse commission of a specific intent crime" and affirming the trial court's instruction on voluntary intoxication that included therein the line "[b]eing under the influence of a drug, even one taken for medical purposes, provides a legal excuse for the commission of a crime only if the effect of the drug makes it impossible for the accused person to have the specific intent to commit the crime with which he is charged.").

The government intends on calling our expert to prove that the defendant's claims of ingesting Ambien are not supported. We further intend on offering expert testimony as to the defendant's reported consumption of alcohol and what effect that consumption had on his ability form conscious decisions. The proposed testimony is explained in Dr. Tramontin's 26-page report.

7

## **CONCLUSION**

WHEREFORE, the United States respectfully requests that the government be permitted to call our expert during our case-in-chief. We further request an opportunity to address this issue prior to the commencement of jury selection.

          Respectfully submitted,

          ROGER B. HANDBERG
          United States Attorney


By:   */s/ Michael P. Felicetta*
       Michael P. Felicetta
       Assistant United States Attorney
       Florida Bar No.: 94468
       400 W. Washington Street, Suite 3100
       Orlando, Florida 32801
       Telephone: (407) 648-7500
       Facsimile:  (407) 648-7643
       E-mail: Michael.Felicetta@usdoj.gov

**U.S. v. BRIAN PATRICK DURNING**     Case No. 6:22-cr-102-WWB-RMN

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Jeremy Lasnetski, Esq.
    Attorney for Defendant

                          By:   */s/ Michael P. Felicetta*
                                  Michael P. Felicetta
                                  Assistant United States Attorney
                                  Florida Bar No.: 94468
                                  400 W. Washington Street, Suite 3100
                                  Orlando, Florida 32801
                                  Telephone:  (407) 648-7500
                                  Facsimile:   (407) 648-7643
                                  E-mail: Michael.Felicetta@usdoj.gov