**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.                                                          CASE NO.: 6:22-cr-102-WWB-RMN

BRIAN PATRICK DURNING

**DEFENDANT'S RESPONSE TO UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE UNDER FED. R. EVID. 404(b)**

The Defendant, Brian Patrick Durning, by and through counsel, Jeremy Lasnetski of Lasnetski Gihon Law, respectfully submits this Response to United States' Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b) (Doc. 97). The Government seeks to admit evidence at trial of other uncharged acts of the Defendant that includes an arrest for public intoxication on December 30, 2017. Mr. Durning objects to the evidence being admitted under Rule 404(b).

**BACKGROUND**

The Defendant is charged with three counts - Count I: Abusive Sexual Contact with a Child (18 U.S.c. §2244(a)(3)), Count II: Assault Resulting in Substantial Bodily Injury to an Individual who has not Attained the age of 16 years (18 U.S.C. §113(a)(7)), and Count III: Assault Resulting in Serious Bodily Injury (18 U.S.C. §113(6)) . The Government intends to admit the following evidence:

1)   On December 30, 2017, Mr. Durning was arrested in Pasadena, California for Public Intoxication. The government intends to introduce body camera footage of Mr. Durning in an "extremely intoxicated

condition" to establish a "baseline comparison to videos of the defendant on the day of these offenses."

## MEMORANDUM

Rule 404(b) authorizes the admission of evidence of prior bad acts in limited circumstances. For evidence of prior bad acts to be admissible under Rule 404(b), "[f]irst, the evidence must be relevant to an issue other than the defendant's character. *United States vs. Miller*, 959 F.2d 1535 (11th Cir. 1992). Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. *Id.* Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403. *Id.*

The Government has not met the first prong of the admissibility test, as the evidence is not relevant to an issue other than Mr. Durning's character. The government intends to introduce a video of Mr. Durning in an extremely intoxicated state approximately 4 ½ years prior to the charged offense to establish that Mr. Durning was not "extremely intoxicated" at the time of the charged offense. The permitted uses of Rule 404(b) evidence are listed in Rule 404(b)(2) and include notice, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Evidence of extreme intoxication several years prior to the charged offense does not provide any relevant evidence of Mr. Durning's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

If Mr. Durning's prior public intoxication arrest involved allegations of sexual contact with a minor, the Court would have to consider whether that evidence was

similar enough to the charged offense to establish one of the permitted uses under Rule 404(b), such as knowledge or motive, however, the prior act evidence sought to be introduced by the government is not probative in establishing that Mr. Durning was acting consistently during both the prior act and the charged offense such that evidence of the prior act establishes evidence of Mr. Durning's mental state at the time of the charged offense. Therefore, the prior bad act evidence is not admissible under the first prong of the admissibility test.

The government contends that the evidence is relevant to establish a baseline of intoxication, however, assuming the government could establish a baseline of intoxication, the government would need to establish how much alcohol Mr. Durning ingested during the prior bad act, what type of alcohol he consumed, and when the alcohol was ingested in relation to his appearance on the videos, among other variables.

Evidence of Mr. Durning's intoxication level approximately 4 ½ years prior to the charged offense has no relevance regarding his intoxication level during the charged offense. Several of the government's witnesses will testify that Mr. Durning was intoxicated at or near the time of the offense. Each witness will describe his or her own observations of Mr. Durning's behavior while intoxicated. Mr. Durning is not requesting a voluntary intoxication jury instruction or an involuntary intoxication jury instruction. Evidence of Mr. Durning's intoxication at a different time, under different circumstances, under the influence of a different amount and potentially type of alcohol, along with other variables offers no probative value.

The government also contends that Mr. Durning's "behavior does not reflect that he was "extremely intoxicated" as he was on December 30, 2017. (Doc. 97). To undersigned counsel's knowledge, no witness will testify that Mr. Durning was as intoxicated during the charged offense as he was on December 30, 2017. The comparison of intoxication levels between the two dates has no relevance to the issues involved in the charged offense. Therefore, under the first prong of the admissibility test, the government has failed to show that the evidence is probative, relevant or goes to any of the permissible uses listed in Rule 404(b).

The second prong of the admissibility test relates to the credibility of the prior bad act evidence and also relates to relevancy. Here, the evidence is largely recorded on body camera footage and the second prong is not at issue.

The third prong of the 404(b) analysis requires the Court to make a determination whether the probative value of the evidence is substantially outweighed by its unfair prejudice. Here, the evidence is of no probative value and any evidence of a prior arrest will substantially unfairly prejudice an accused. Whether the probative value of the evidence is substantially outweighed by undue prejudice is "within the sound discretion of the district judge." *United States v. Calderon*, 127 F.3d 1314 (11th Cir. 1997). However, the Court should consider prosecutorial need, overall similarity between the extrinsic act and the charged offense and temporal remoteness. *Id.*

### Prosecutor's Need

The Government argues that the 404(b) evidence it intends to introduce is "necessary to provide a baseline of intoxication to compare to videos of Mr. Durning taken on the date of the offense. *Doc 97.* The government has no need to show the

4

body camera footage of Mr. Durning in an extremely intoxicated state several years before the charged offense occurred. The videos of the prior bad act were taken during the course of Mr. Durning's intoxication. In contrast, there are no videos of Mr. Durning at the time of the alleged offense. Rather, the government intends to introduce videos of Mr. Durning at least 1½ hours before the charged offense and approximately 3 ½ hours after the charged offense.

The government intends to admit videos showing Mr. Durning getting on the plane, getting off the plane, and retrieving his luggage from an overhead bin as he was about to disembark the plane. The alleged offense occurred approximately 1 ½ hours after Mr. Durning embarked the plane and approximately 3 ½ hours before he disembarked. In contrast, the government intends to show the jury video of Mr. Durning's 2017 intoxication during the offense of public intoxication. In essence, they are attempting to compare apples to oranges - videos of Mr. Durning while he was intoxicated in 2017 compared to videos of Mr. Durning before and after he was intoxicated during the charged offense. Therefore, the government's Rule 404(b) evidence would not provide a baseline for Mr. Durning's appearance at or near the time of the offense and would be of limited use for its intended purpose.

Furthermore, the government has other, more reliable evidence to establish Mr. Durning's level of intoxication during the charged offense. The government will provide witness testimony from several eyewitnesses who will all be able to testify to their observations of Mr. Durning's level of intoxication. Therefore, the government's need for the prior bad act evidence is limited and is substantially outweighed by the prejudice of informing the jury of a prior arrest.

**Overall Similarity between the Extrinsic Act and the Charged Offense**

In order to be probative of a permitted use under Rule 404(b), the prior bad act evidence must be similar to the charged offense. The evidence of a prior bad act in this case is not similar to the charged offense. Mr. Durning's prior public intoxication arrest was made on the street as opposed to in an airplane. There were no allegations of sexual misconduct during Mr. Durning's prior arrest, as are alleged in the instant offense. There is no evidence to establish what Mr. Durning drank or how much he had to drink to support a baseline to compare to the level of intoxication during the charged offense. In short, video evidence of Mr. Durning's level of intoxication several years earlier has no bearing on his level of intoxication during the charged offense.

**Temporal remoteness**

It is well established that temporal remoteness is an important factor as the probativeness of extrinsic evidence depreciates over time. *United States v. Beechum*, 582 F.2d 898, 915 (5th Cir. 1978); *see also United States v. Matthews*, 431 F.3d 1296 (11th Cir. 2005). In relation to the other factors and lack of the probative nature of the evidence, the extrinsic act is also too remote in time to provide probative evidence that is not substantially outweighed by the undue prejudice.

**<u>CONCLUSION</u>**

The Defendant respectfully requests that this Court exclude the 404(b) evidence of Mr. Durning's prior public intoxication arrest from December 30, 2017.

**WHEREFORE,** the Defendant, BRIAN PATRICK DURNING, respectfully requests that this Honorable Court exclude the Government's Use of "Other Acts" Evidence.

Respectfully submitted,

By: *s/Jeremy Lasnetski*
JEREMY LASNETSKI
Florida Bar No. 512524
Lasnetski Gihon Law
121 W. Forsyth St., Ste. 520
Jacksonville, Florida 32202
Telephone: (904) 642-3332
Facsimile: (904) 685-4580
Email:Jeremy@lglawflorida.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michael Felicetta, Esquire, Assistant U.S. Attorney, United States Attorney's Office, and Courtney Richardson-Jones, Assistant United States Attorney, United States Attorney's Office.

*s/Jeremy Lasnetski*
Jeremy Lasnetski, Esquire
Florida Bar No.:  512524
Lasnetski Gihon Law
121 W. Forsyth St., Ste. 520
Jacksonville, Florida 32202
Telephone: (904) 642-3332
Facsimile: (904) 685-4580
Email:Jeremy@lglawflorida.com

7