**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

VS.                                                    CASE NO: 6:22-cr-102-WWB-RMN

BRIAN PATRICK DURNING

_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion for Judgment of Acquittal on Count II (Doc. 119) and the Government's Response in Opposition (Doc. 123). For the reasons set forth below, Defendant's Motion will be denied.

**I.      BACKGROUND**

Defendant, Brian Patrick Durning, was charged by Superseding Indictment (Doc. 43) on September 21, 2022, with: abusive sexual contact with a child, in violation of 18 U.S.C. § 2244(a)(3) (Count One), assault resulting in substantial bodily injury to an individual who has not attained the age of 16 years, in violation of 18 U.S.C. § 113(a)(7) (Count Two), and assault resulting in serious bodily harm, in violation of 18 § 113(a)(6) (Count Three) for events that occurred on or about June 24, 2022. (*Id.* at 1–3). On June 22, 2023, a jury found Defendant guilty as charged on Count Two and guilty of the lesser included offense of simple assault on Counts One and Three. (Doc. 115 at 1–3).

**II.     LEGAL STANDARD**

"In deciding a motion for entry of judgment of acquittal under [Federal Rule of Criminal Procedure] 29(c), district courts . . . must view the evidence in the light most favorable to the government and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Sellers*, 871 F.2d 1019,

1021 (11th Cir. 1989) (internal citation omitted). "The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial[.]" *Id.* (internal citation omitted). "[T]he court must accept all reasonable inferences and credibility determinations made by the jury." *Id.*

## III.    DISCUSSION

Defendant argues that this Court should enter a judgment of acquittal as to Count Two because the Government failed to prove that Z.B., the child victim, suffered a substantial bodily injury or that any substantial bodily injury was caused by Defendant's act. "Substantial bodily injury" is defined as "bodily injury which involves–(A) a temporary but substantial disfigurement; or (B) a temporary but substantial loss or impairment of the function of any bodily member, organ, or mental faculty." 18 U.S.C. § 113(b)(1).

At trial, Z.B. testified that Defendant penetrated her vagina with his finger, causing her physical pain. Z.B. further testified that after Defendant assaulted her, she was scared and felt nauseous. Several witnesses, including Sharon Joseph, Pedro Maldonado, Antonio Cento, and Richard Krum, testified that following Defendant's assault, Z.B. was visibly upset, shaking, and crying inconsolably. Video footage from a body-worn camera of Z.B. while she was being questioned at the airport by law enforcement also showed that Z.B. was visibly upset and distraught. Additionally, Stacey Sherretta, Z.B.'s mother, testified that Z.B. had blood in the underwear she was wearing at the time Defendant assaulted her. As to the days and months following the assault, Z.B. testified that as a result, she was frightened, had nightmares, experienced difficulty sleeping, and needed to sleep with her mother rather than alone.

To the extent Defendant argues that the Government was required to produce psychiatric, psychological, or medical evidence to establish a substantial bodily injury as it relates to a temporary but substantial loss or impairment of Z.B.'s mental faculty, he offers no binding or persuasive authority supporting this proposition.  Defendant first raised this argument at trial and was directed to provide the Court with supporting legal authority.  Defendant now raises this argument for a second time—again, without offering any supporting legal authority—and the Court has not located any binding authority requiring expert testimony under these specific circumstances.

Based on the testimony presented at trial, there is sufficient evidence from which a reasonable jury could have concluded that Z.B. suffered a substantial bodily injury and that it was caused by Defendant's act.  Therefore, Defendant's request for a judgment of acquittal as to Count Two will be denied.

## IV.    CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** that Defendant's Motion for Judgment of Acquittal on Count II (Doc. 119) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 29, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

3